

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-5-2009

# USA v. Juan Hidalgo

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1807

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Juan Hidalgo" (2009). *2009 Decisions.* Paper 1918.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1918

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-1807
_____

UNITED STATES OF AMERICA

v.

JUAN HIDALGO,

Appellant

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Criminal No. 1:02-cr-0261-08)
District Judge:  The Honorable Sylvia H. Rambo.

_____

Submitted Under Third Circuit LAR 34.1(a)
January 16, 2009

BEFORE: SLOVITER, BARRY, and SILER,[*] Circuit Judges.

(Filed: February 5, 2009)

_____

*The Honorable Eugene E. Siler, Jr., Senior Circuit Judge for the United States
Court of Appeals for the Sixth Circuit, sitting by designation.

_____

OPINION OF THE COURT

_____

SILER, <u>Circuit Judge</u>.

Appellant, Juan Hidalgo, entered a plea of guilty to unlawful distribution of heroin in violation of 21 U.S.C. § 841(a)(1), and on January 13, 2004, he was sentenced to 97 months imprisonment. Hidalgo appeals the District Court's denial of his motion to reduce his sentence.[1] We will affirm.

**I.**

According to his presentence investigation report ("PIR"), the offense level was 26. Based on his prior criminal history, Hidalgo had four criminal history points for a category III. Three of his four criminal history points stemmed from convictions of harassment. Under the Guidelines, Hidalgo's recommended sentencing range was 78 to 97 months imprisonment, so the sentence was within the Guidelines.

On November 1, 2007, the Sentencing Commission released Amendment 709 to the United States Sentencing Guidelines Manual. The pertinent section of Amendment 709 amended application note 12 to § 4A1.2(c)(1), which guides the courts' analysis of misdemeanor offenses for the purposes of setting the appropriate criminal history category.

_____

[1]We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

United States Sentencing Commission, Guidelines Manual, § 4A1.2, comment. (n. 12) (2008) (hereinafter "USSG").

On February 1, 2008, Hidalgo moved, *pro se*, for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), alleging that Amendment 709 to the Guidelines clarified the manner in which some similar misdemeanor offenses were to be considered in calculating his criminal history. Specifically, Hidalgo argued that his convictions for harassment were similar to the offense of disorderly conduct listed in § 4A1.2(c)(1), which does not carry criminal history points. Hidalgo claimed that Amendment 709 should be applied retroactively and, consequently, his recommended Guidelines range should be reduced, which would entitle him to a reduction of his sentence. The District Court denied Hidalgo's motion to reduce his sentence.

**II.**

On appeal, Hidalgo argues that under the "common sense" test listed in Amendment 709, harassment qualifies as an "offense similar to" disorderly conduct and, therefore, is not an offense that carries criminal history points.

In determining whether offenses are "similar" under the terms of § 4A1.2(c)(1), we have followed the "elements test" listed in *United States v. Elmore*, 108 F.3d 23, 27 (3d Cir. 1997). However, Application Note 12 of Amendment 709 makes it clear that the Sentencing Commission now wishes all circuits to follow the "common sense" test first articulated in *United States v. Hardeman*, 933 F.2d 278, 281 (5th Cir. 1991). United States Sentencing

3

Manual app. C at 240-41 (2008). Hidalgo contends that Application Note 12 of Amendment 709 should be applied retroactively and his harassment offenses should be analyzed under the new test in the amendment, which may result in his criminal history category being reduced.

"Generally, a district court may not alter a term of imprisonment once it has been imposed." *United States v. Wise*, 515 F.3d 207, 220 (3d Cir. 2008). However,

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements* issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (emphasis supplied). Thus, *Wise* informs us that "if the applicable Guidelines range has been lowered after a defendant has been sentenced, a district court may . . . reduce the defendant's sentence, but only if the reduction would be consistent with a policy statement issued by the Sentencing Commission." *Wise*, 515 F.3d at 221.

According to USSG § 1B1.10(a)(1), only amendments listed under § 1B1.10(c) are covered by the policy statement. Therefore, a reduction of sentence is not authorized under a § 3582(c)(2) motion because the specific amendment the motion is based upon, Amendment 709, is not listed in USSG § 1B1.10(c).

**III.**

4

While acknowledging that Amendment 709 is not listed in § 1B1.10(c), Hidalgo argues that Amendment 709 is a "clarification" of the Guidelines Manual and, therefore, should apply retroactively to his 2004 conviction and sentence. "'[C]ourts can give retroactive effect to a clarifying (as opposed to substantive) amendment regardless of whether it is listed in U.S.S.G. § 1B1.10.'" *United States v. Marmolejos*, 140 F.3d 488, 491 (3d Cir. 1998) (*quoting United States v. Capers*, 61 F.3d 1100, 1109 (4th Cir. 1995)).

However, a discussion of whether Amendment 709 is a clarifying or substantive amendment is not necessary because it is clear from the language of 18 U.S.C. § 3582(c)(2) and USSG § 1B1.10(a)(2) that if the pertinent amendment is not listed in § 1B1.10(c), then a reduction of the defendant's term is not authorized under a § 3582(c)(2) motion. The applicable policy statement, § 1B1.10(a)(2), provides:

> (2) Exclusions.--A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if--
>> (A) None of the amendments listed in subsection (c) is applicable to the defendant; or
>> (B) An amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

USSG § 1B1.10(a)(2).

Thus, an amendment not listed in § 1B1.10(c) is, by definition, inconsistent with the applicable policy statement. Although *Marmolejos* held that a clarifying amendment not listed under § 1B1.10(c) could be applied to reduce a sentence, *Marmolejos* did not involve a § 3582(c)(2) motion, but was predicated on a 28 U.S.C. § 2255 action. *See Marmolejos*,

5

140 F.3d at 489. Since Hidalgo's § 3582 motion for a reduction in sentence is based upon Amendment 709, which is not listed in § 1B1.10(c), he is not eligible for a reduced sentence, and a determination of whether Amendment 709 is clarifying or substantive is not necessary.

## IV.

For the foregoing reasons, we will affirm the District Court's denial of the motion to reduce the sentence.